**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH ROSS, by his next friend and
Conservator, Geneva Ross,
<u>Plaintiff-Appellant,</u>

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, a foreign corporation
doing business in the State of West

No. 98-2460

Virginia,
<u>Defendant-Appellee,</u>

and

CARSON INSURANCE AGENCY,
INCORPORATED, a West Virginia
corporation,
<u>Defendant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Elizabeth V. Hallanan, Senior District Judge.
(CA-95-570-2)

Argued: January 25, 2000

Decided: March 30, 2000

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard Eric Shaw, LOPATIN, MILLER, FREEDMAN, BLUESTONE, HERSKOVIC, HEILMANN & DOMOL, Southfield, Michigan, for Appellant. John Campbell Palmer, IV, ROBINSON & MCELWEE, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Ross appeals the district court's award of summary judgment in favor of the defendant, Unum Life Insurance Company of America (Unum), in Ross's action alleging breach of an insurance contract (a disability income policy) and bad faith failure to pay or settle an insurance claim. We affirm.

In November 1992 Ross filed a claim of total disability with Unum. After making payments under reservation of right for about a year (March through December 1993), Unum discontinued benefits. The company notified Ross by letter dated January 13, 1994, that it believed he had falsified income information on his insurance application and that his policy was therefore invalid. The Unum letter also stated that the company lacked sufficient information to conclude that Ross was disabled. Unum informed Ross that he could provide additional information in support of his claim, but that failure to do so within thirty days would result in the policy being rescinded. Ross did not provide new information until November 1994, approximately eleven months after Unum's letter. Unum resumed making payments to Ross, effective December 1994, but it made no payments for the period (about eleven months) when it lacked information. It is the period of non-payment that is in question in this case.

2

The district court concluded that Ross had failed to provide sufficient proof of loss as required by the policy for the period when Unum did not make payments. As the district court noted, compliance with the terms of the policy is a condition precedent to any right of action by the insured. See Thompson v. West Virginia Essential Property Assurance Ass'n, 186 W.Va. 84, 87 (1991). Because Ross did not satisfy a condition precedent (he did not establish proof of loss for the period in dispute), the district court was correct in awarding summary judgment to Unum. Accordingly, we affirm on the reasoning of the district court. See Joseph Ross v. Unum Life Insurance Company of America, Civ. Action No. 2:95-0570 (S.D. W.Va. Sept. 17, 1998).

AFFIRMED